(119 App. Div. 49)

### SMITH v. DENTON.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

1. JUSTICES OF THE PEACE—PLEADING—AMENDMENT—ADJOURNMENT.
   Where plaintiff's complaint had been in no manner amended after joinder of issue in a suit before a justice, the latter had no jurisdiction to grant defendant an adjournment, as provided by Code Civ. Proc. § 2944, except to enable defendant to procure the testimony of a material witness, as authorized by section 2965.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Justices of the Peace, § 353.]

2. SAME—LOSS OF JURISDICTION.
   Where a justice of the peace granted defendant an adjournment after joinder of issue because no bill of particulars had been served or filed, he thereby lost jurisdiction of the action.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Justices of the Peace, §§ 193, 194.]

Appeal from Nassau County Court.

Action by S. Alonzo Smith against John W. Denton. From a County Court judgment reversing a judgment rendered by a justice of the peace dismissing plaintiff's complaint, defendant appeals. Affirmed.

It appears from the return that on the return day of the summons both parties appeared by counsel. The plaintiff filed a written complaint, alleging the sale and delivery of goods, wares, and merchandise during the preceding ten years. The defendant "makes a general denial, pleads payment, and asks for a bill of particulars," and the case was adjourned to March 1st following. On February 19th a written answer was filed, containing the defenses pleaded orally, and further pleading the statute of limitations. On the adjourned day the parties again appeared by counsel. The return of the justice shows the following entry made in his minutes on that day: "March 1/06, court convened 9 a. m., cause called, plaintiff appeared by L. B. Haskins, attorney. Defendant appeared in person and by Parsons & Griffiths, attorneys. Attorney for defendant appeared and put in an oral answer and asked leave to put in a written answer in place of oral answer, and asked for a bill of particulars and court granted permission to file written answer and the attorney for plaintiff stated that a new written complaint would be filed before trial; written answer of defendant was filed February 19/06." The return then states that, no bill of particulars having been filed with the court, the defendant asks for an adjournment, and that plaintiff be directed to file a bill of particulars. The attorney for the plaintiff objected to an adjournment. The justice directed a bill of particulars to be filed within four days, overruled the plaintiff's objection, and adjourned the case to March 8th, to which ruling the plaintiff excepted. On March 8th the plaintiff appeared specially by his attorney, and, upon the calling of the case, the defendant's attorneys moved to dismiss the complaint upon the ground that no bill of particulars had been served or filed as ordered by the justice, and, "there being no proof offered in evidence, the motion to dismiss is granted with costs to the defendant." Judgment was accordingly entered, which was reversed on appeal to the County Court.

Argued before WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Frederick H. Kellogg, for appellant.

Lincoln B. Haskin, for respondent.

RICH, J. The only authority of a justice of the peace to adjourn a cause, after joinder of issue, upon the application of the defendant, is contained in sections 2944 and 2965 of the Code of Civil Procedure. The plaintiff's complaint had been in no manner amended, which excludes the provisions of section 2944. The power given by section 2965 cannot be exercised except for a single reason, viz., that the defendant "cannot safely proceed to trial for want of some material testimony or witness" which he has used due diligence to obtain, proof of which facts must be made by the defendant's own oath, or otherwise, to the satisfaction of the justice. The adjournment was asked and granted for an entirely different reason, viz., that no bill of particulars had been served or filed. The justice had no right to adjourn the case for this reason, and by his unauthorized act he lost jurisdiction of the action, and the judgment subsequently entered was void.

The judgment and order must therefore be affirmed, with costs. All concur.